UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>RONNIE ANDERSON,<br><br>  Defendant. | Criminal No. 15-166 (CKK) |

MEMORANDUM OPINION
(March 31, 2016)

Defendant Ronnie Anderson is charged with one count of unlawful possession of a firearm and ammunition by a person convicted of crimes punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Presently before the Court is the Government's [11] Motion Regarding Rule 609 Admissibility, and the Defendant's [22] Opposition to Government's Motion Regarding Rule 609 Admissibility. The Government seeks to permission to impeach Defendant – should he choose to testify at trial – with his previous convictions for unlawful possession of a firearm, possession of a prohibited weapon (machine gun), and offenses committed during release in 2010,[1] as well as his conviction for the attempted possession with intent to distribute cocaine in 2005. Anderson opposes this request, asserting that the Court should prevent the use of the previous convictions at trial as proposed because their use would be more

---

[1] The Court notes that the Government also includes "offenses committed during release" in a chart listing the convictions that it seeks to introduce during trial, but neither party specifically addresses this conviction in its briefing. Govt.'s Mot. at 2. The Court shall not consider this conviction in its analysis, because it has not been fully briefed by the parties and because it does not appear to be an impeachable offense under Rule 609. *See, e.g., United States v. Baylor*, 97 F.3d 542, 544 (D.C. Cir. 1996) ("Under Federal Rule of Evidence 609(a), when evidence of a prior conviction is admitted for purposes of impeachment, cross-examination is usually limited to the essential facts rather than the surrounding details of the conviction.").

prejudicial than probative. Upon consideration of the Government's Rule 609 Motion, Anderson's Opposition thereto, the relevant case law, and the entire record herein, the Court shall DENY WITHOUT PREJUDICE the Government's Rule 609 Motion for the reasons described.

Federal Rule of Evidence 609(a)(1) provides, in relevant part, that for the purposes of attacking the character for truthfulness of a witness who is a criminal defendant, a prior conviction shall be admitted into evidence if (1) the crime was punishable by death or imprisonment in excess of one year in the convicting jurisdiction and if (2) "if the probative value of the evidence outweighs its prejudicial effect to that defendant."[2] Fed. R. Evid. 609(a)(1). The Rule also imposes specific time limitations related to the admissibility of convictions. Specifically, Rule 609(b) provides stricter requirements on the admission of a conviction "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Here, the Government asserts, and the Defendant does not contest, that the three prior convictions that the Government seeks to admit are within the ten-year time period laid out in Rule 609(b) and each is punishable by a term of imprisonment in excess of one year. Govt.'s Mot. Reg. R. 609 Admissibility ("Govt.'s Mot") at 3; Def.'s Opp'n to Govt.'s Mot. Reg. R. 609 Admissibility ("Def.'s Opp'n") at 2. As such, this Court must determine whether the probative value of admitting the evidence of the convictions outweighs the prejudicial effect to Anderson.

The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit")

---

[2] The Government does not argue that the prior convictions on the three offenses at issue should be admitted pursuant to Federal Rule of Evidence 609(a)(2), which states that for impeachment purposes, "evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

2

has recognized that "all convictions that meet the Rule 609(a)(1) threshold are at least somewhat probative of credibility." *United States v. Lipscomb*, 702 F.2d 1049, 1051 (D.C. Cir. 1983) (en banc).  The burden is on the government to show that the probative value of a prior conviction outweighs the prejudice to the defendant.  *Id.* at 1055.  In weighing the probative value of admitting evidence of convictions against the prejudicial effect to the defendant under Rule 609(a)(1), "a district court 'should consider the following relevant factors: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant; and (5) generally, the impeachment value of the prior crime.'"  *United States v. Knight*, No. 07-81, 2007 WL 1760939, at *3 (D.D.C. Jun. 18, 2007) (quoting *United States v. Butch*, 48 F. Supp. 2d 453, 464 (D.N.J. 1999)).  While this list is not exhaustive, it does provide guidance for the basic concerns that should be considered under Rule 609(a)(1).  *Id.*; *see also United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980).

In assessing the probative value of a particular conviction to the issue of a witness' character for truthfulness, the D.C. Circuit has recognized a distinction between different types of offenses.  As the D.C. Circuit explained, a robbery conviction "reflects more strongly on credibility than, say, crimes of impulse, or simple narcotics or weapons possession," because it is "a serious crime that shows conscious disregard for the rights of others."  *Lipscomb*, 702 F.2d at 1071; *c.f. Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967) ("A 'rule of thumb' . . . should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not . . . .").  While this provides the Court with some guidance as to how to assess the probative value of a conviction, it is not determinative.  Indeed, the D.C. Circuit has upheld the admission of a defendant's prior conviction for distributing drugs for impeachment

3

purposes on cross-examination pursuant to Rule 609 when the defendant "professed ignorance of street drug transactions" during direct examination. *United States v. Lewis*, 626 F.2d 940, 947 (D.C. Cir. 1980). Moreover, to the extent that a particular witness' credibility is central to the trial, introduction of prior convictions for impeachment purposes may be more probative. *See Lipscomb*, 702 F.2d at 1071. In situations where there are conflicts in testimony, "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit." *Lewis*, 626 F.2d at 950.

In considering the potential prejudice of introducing a prior conviction for impeachment purposes, the nature of the crime as compared to the pending charges may be significant. For instance, "[c]onviction for a prior charge when a defendant is facing pending similar charges may be prejudicial . . . , and the D.C. Circuit has noted that 'convictions which are for the same crime should be admitted sparingly.'" *United States v. Savoy*, 889 F. Supp. 2d 78, 119 (D.D.C. 2012) (citing *Lewis*, 626 F.2d at 951; *Gordon*, 383 F.2d at 940); *see also Lipscomb*, 702 F.2d at 1071 ("[P]rejudice was not especially great because the previous crime was not similar to the present one."). Moreover, the use of a prior conviction for impeachment purposes against the defendant himself as opposed to a non-party witness raises greater concerns about potential prejudice. *United States v. Logan*, 998 F.2d 1025, 1032 (D.C. Cir. 1993) (citing *United States v. Huddleston*, 811 F.2d 974, 978 (6th Cir. 1987)); *Lipscomb*, 702 F.2d at 1063 ("There is less risk of prejudice when a defense witness other than the defendant is impeached through a prior conviction because the jury cannot directly infer the defendant's guilt from someone else's criminal record").

Here, the Government seeks to potentially impeach Anderson with his 2010 convictions for unlawful possession of a firearm and possession of a prohibited weapon (machine gun), and

4

his 2005 conviction for the attempted possession with intent to distribute cocaine. The Government argues that "the serious nature of [Anderson's] prior offenses may be considered by the jury as indicative of his . . . lack of veracity as it is extremely probative of a defendant's respect for the law and is directly relevant to an examination of credibility." Govt.'s Mot. at 4. The three convictions that the Government seeks to potentially introduce involve crimes of impulse, rather than crimes that reflect more strongly on Anderson's credibility. With respect to the convictions related to possessing a firearm, the use of these convictions for impeachment purposes does raise some heightened concerns of prejudice to Anderson because they are similar in nature to the pending charges against Anderson at this time and, accordingly, raise the potential that the jury may improperly rely on past convictions to support a conviction on the instant charge. Turning to the 2005 conviction for the attempted possession with intent to distribute cocaine, the Court notes that while this conviction is less than ten years old within the confines set forth in Rule 609(b) due to the date of Anderson's release from imprisonment, it falls on the cusp of this time limitation.[3]

      Based on the information before it at this time, it appears that Anderson's testimony would be particularly important as would the jury's assessment of his credibility should Anderson choose to testify at trial. Indeed, this case arises out of the recovery of a Ruger P95 9mm semi-automatic pistol and 9mm ammunition from under a bed in an apartment on Elvans Road, S.E., Washington, D.C., on October 3, 2015. The Court notes that there appears at this point in time to at least be the potential for a dispute between Anderson and government witnesses as to whether Anderson was

---

[3] According to a Pre-Plea Guideline and Criminal History Calculation provided by the U.S. Probation Office, Anderson's charge arose out of conduct that occurred on September 3, 2003. Anderson was sentenced on January 6, 2005, to a period of incarceration of 14 months, but was ultimately released from custody on August 6, 2007, after his supervised release was revoked.

in possession of the firearm in question since it was not recovered from his person.  *See* Detention Memo. at 4, ECF No. [3] ("Two separate witnesses told the police officers that Defendant had a firearm inside the apartment.").  Moreover, the Court notes that the potential for prejudice is higher given that the Government seeks to impeach Anderson himself, rather than a non-party witness, with his prior convictions.

After carefully balancing these factors and considering the record before it, the Court finds that the Government has not met its burden of demonstrating that the probative value of Anderson's prior convictions outweigh the prejudicial effect of their introduction at trial.  The fact that Anderson's credibility, should he chose to testify, may be central to the trial, particularly in light of the fact that there may be conflicting testimony that the jury must resolve, weighs in favor of the admission of the convictions for impeachment purposes.  However, the following facts weigh in favor of excluding admission of the prior convictions for impeachment purposes: the convictions involve crimes of impulse rather than crimes that weigh more heavily on a witness' credibility; the Government seeks to introduce the convictions against Anderson himself; the prior firearms convictions are of a similar nature to the pending charge; and the narcotics conviction falls close to the 10-year threshold set forth in Rule 609.  While the Government is correct that each of these prior convictions is somewhat probative of Anderson's "lack of veracity," the convictions appear to have somewhat limited impeachment value.  Moreover, the Court finds that a limiting instruction in this situation would not ameliorate the prejudicial effect of admitting Anderson's prior convictions for impeachment purposes.  *See Lipscomb*, 702 F.2d at 1062 ("But limiting instructions of this type require the jury to perform 'a mental gymnastic which is beyond, not only their powers, but anybody's else.'").

In sum, the Court concludes on this record that the Government has failed to meet its burden of demonstrating that the probative value of admitting Anderson's prior convictions outweighs the prejudicial effect. Accordingly, the Court shall not permit the Government to impeach Defendant at trial with his 2010 convictions for unlawful possession of a firearm and possession of a prohibited weapon (machine gun) or his 2005 conviction for the attempted possession with intent to distribute cocaine. As such, the Government's [11] Motion Regarding Rule 609 Admissibility is DENIED WITHOUT PREJUDICE.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE