UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RONNIE ANDERSON,<br><br>Defendant. | Criminal No. 15-166 (CKK) |

**MEMORANDUM OPINION**
(March 31, 2016)

Presently before the Court is the Government's [12] Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) and Defendant's [23] Opposition to Government's Motion to Admit Other Crimes Evidence Pursuant to F.R.E. 404(b). The Government requests that it be permitted to introduce evidence of uncharged criminal conduct that it asserts is relevant to prove knowledge, intent, and/or absence of mistake. Anderson opposes this request, arguing that the evidence is inadmissible character evidence under Rule 404(b), and is more prejudicial than probative. Upon consideration of the Government's Rule 404(b) Motion, Anderson's Opposition thereto, the relevant case law, and the entire record herein, the Court shall GRANT IN PART and HOLD IN ABEYANCE IN PART the Government's Rule 404(b) Motion for the reasons described. Specifically, the Court finds that the evidence at issue shall be conditionally admitted as "other crimes" evidence under Rule 404(b). However, the Court shall defer judgment until trial as to whether such evidence should be excluded under Federal Rule of Evidence 403.

**I. BACKGROUND**

On November 13, 2015, Anderson was charged by indictment with one count of unlawful

possession of a firearm and ammunition by a person convicted of crimes punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). The Court shall briefly discuss the factual background surrounding Anderson's charge as described by the Government in its Motion, *see* Govt.'s Mot. at 1-3, and the uncharged criminal conduct it seeks to introduce, *see id.* at 3-4, because both are relevant to the Court's analysis. Anderson's charge in the instant action is based on his alleged possession of a firearm and ammunition which were recovered from under a bed in an apartment on Elvans Road, S.E., Washington, D.C., on October 3, 2015. Specifically, an officer with the Metropolitan Police Department ("MPD") was on patrol in a marked vehicle when he was approached by a witness ("Witness 2") who informed him that there was a man with a gun inside an apartment with her cousin and daughter. Witness 2 then entered the apartment and, while the MPD officer waited outside for additional officers to respond, he observed Witness 2 exit the apartment through a window.

When another MPD officer arrived, the two officers knocked on the door and a second witness ("Witness 1") answered the door approximately 30 seconds later. Witness 1 allowed the police to enter the apartment and informed officers that her friend, later identified as Anderson, was in the back bedroom. One of the officers initially sent Witness 1 to get Anderson and have him come to the living room. After approximately 50 seconds, the officer called for Anderson to come to the living room. After another 30 seconds, Witness 1 informed the officers that Anderson would not come out of the bedroom. However, Anderson emerged from the back bedroom a few second later and came into the living room. One of the officers searched the back bedroom and located under the bed a Ruger P95DV 9 mm pistol containing a 9 mm magazine capable of holding 35 rounds of ammunition. Anderson was placed under arrest.

The Government indicates that it anticipates calling Witness 1 who will testify that Witness 1, Witness 2, Anderson, and another individual were inside the apartment. The Government asserts that Witness 1 observed Witness 2 and Anderson arguing about money when Anderson pulled a firearm from his waistband. Witness 2 left the apartment and the police then came to the door. When the police knocked on the door, Anderson ran into the back bedroom with a firearm. As the Government noted in its motion, Witness 1 has provided inconsistent statements to the officers on the scene and in a recorded interview on October 3, 2015, which have been disclosed to Anderson's counsel. Govt.'s Mot. at 3 n.4. Presumably these statements related to events not on the video that police recorded throughout their time in the apartment.

The Government now seeks to introduce evidence of Anderson's prior possession of a firearm pursuant to Rule 404(b) during trial. As described by the Government in its Motion, two MPD police officers responded to a disorderly conduct complaint on Elvans Road, S.E., Washington, D.C. on August 22, 2009.[1] As one officer drove onto the block in question, he observed Anderson, who was standing on the steps of the location to which the officer was responding, become nervous and ran towards a Dodge van parked near the building. The officer further observed Anderson crouch behind the van and stuff something underneath the vehicle. When one officer exited his vehicle approximately 10 feet away, Anderson began to run. Another officer chased Anderson on foot and detained him. The other officer went to the Dodge van and located a Norinco AK-47 assault rifle with a magazine clip serial number #11S021300 that was

---

[1] While the street address has been redacted in the Government's Motion, the Court notes that both the incident that forms the basis of the instant charge and the incident that the Government seeks to introduce occurred on Elvans Road, S.E., Washington, D.C.

loaded with 35 rounds of ammunition and one round in the chamber.  Anderson admitted possession of the firearm and ammunition as part of a plea entered in case number 2009 CF2 18245 in the Superior Court of the District of Columbia for the charges of felon in possession, possession of an unregistered firearm, possession of a prohibited weapon, and unlawful possession of ammunition.  Anderson was sentenced on these charges on February 19, 2010.

### III.  LEGAL STANDARD

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose," including proving "motive, opportunity, intent, . . . [or] absence of mistake." Fed. R. Evid. 404(b)(1), (2). The rule is one of "inclusion rather than exclusion. Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance—for the purpose of proving that a person's actions conformed to his character." *United States v. Bowie*, 232 F.3d 923, 929-30 (D.C. Cir. 2000) (internal quotations omitted).

> In addressing trial court determinations on the admissibility of bad acts evidence under the Federal Rules of Evidence, this circuit has employed a two-step mode of analysis. Under the first step, which addresses Rule 404(b), "[the court] must determine whether the evidence is relevant to a material issue other than character. If so, [the court] proceed[s] to the second inquiry," under Federal Rule of Evidence 403, "whether the probative value is substantially outweighed by the prejudice."

*United States v. Burch*, 156 F.3d 1315, 1323 (D.C. Cir. 1998) (quoting *United States v. Mitchell*, 49 F.3d 769, 775 (D.C. Cir. 1995)).

4

## IV.  DISCUSSION

The Government seeks to introduce evidence of Anderson's 2009 possession of a firearm pursuant to Rule 404(b) on the basis that the prior possession is relevant to prove knowledge, intent, and/or absence of mistake.  Anderson argues that the evidence of the prior possession is character evidence which may not be introduced under Rule 404(b) and that introduction of the evidence of the prior possession at trial would be more prejudicial than probative.  For the reasons described herein, the Court finds that the evidence of Anderson's 2009 possession of a firearm is evidence that may be admissible for the purpose of proving knowledge and/or absence of mistake.  However, the Court shall defer judgment until trial as to whether such evidence should be excluded under Federal Rule of Evidence 403.

The issue before the Court is whether the evidence of Anderson's prior possession of a firearm is probative to some issue other than character such that it is the type of evidence that may be permissible under Rule 404(b).  Here, the Government argues that the "evidence of [Anderson's] prior offense related to possession of a firearm, and willingness to distance himself from the firearm and take other steps to elude arrest for it, are relevant and probative of his knowing and intentional possession of a firearm in this case." Govt.'s Mot. at 8-9.  Anderson asserts that the Government's argument is flawed because the Government "contends that it heard from a witness that a man in an apartment had a gun; it found a man in an apartment; he denied the gun was his; but his prior conviction proves that the government has made no mistake: this is the man who possessed the gun in question, because he was convicted of possessing one before." Def.'s Opp'n at 5.

Anderson is charged with unlawful possession of a firearm and ammunition by a convicted

5

felon in violation of 18 U.S.C. § 922(g)(1). As the United States Court of Appeals for the District of Columbia Circuit has explained:

> A prior history of intentionally possessing guns, or for that matter chattels of any sort, is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so. If [defendant] had been standing in an apartment close to a gun and never possessed one before, a jury might find it less likely that his proximity evidenced knowing and intentional possession. Granted, this evidence does go to propensity, the character circumstance forbidden by Rule 404(b). Rule 404(b) never bars the admission of evidence.

*United States v. Cassell*, 292 F.3d 788, 794-95 (D.C. Cir. 2002) (upholding a district court's ruling to admit evidence of two prior firearm possessions when a defendant was charged with possession of a firearm by a felon and possession of a firearm during drug trafficking when the firearms were recovered from defendant's uncle's apartment); *see generally United States v. Garner*, 396 F.3d 438, 439 (D.C. Cir. 2005) (holding that evidence of a defendant's prior possession of a handgun under similar circumstances four years earlier in a case where defendant was charged with possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was properly admitted to show that defendant knew of and constructively possessed the gun); *United States v. Brown*, 16 F.3d 423, 431 (D.C. Cir. 1994) (finding that a firearm recovered from the defendant during his arrest was relevant to show intent, knowledge, or absence of mistake with respect to firearms recovered from a safe during an earlier search of an apartment); *but see generally United States v. King*, 254 F.3d 1098, 1100-01 (D.C. Cir. 2001) (finding that evidence that defendant had a knife, rather than a firearm, stored in the trunk of a car was not properly admitted under Rule 404(b) when defendant was charged with possession of a firearm by a convicted felon based on the recovery of a firearm wedged in the sunroof of the same car). Indeed, "in cases where a defendant

is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." *King*, 254 F.3d at 1100. Moreover, the fact that a defendant "had previously possessed weapons tends to make it less probable that the weapons recovered from his bedroom were there without his knowledge, without intent, or by accident or mistake." *Cassell*, 292 F.3d at 796.

Anderson argues that this case is distinguishable because of the nature of the Government's evidence. As Anderson notes, the Government intends to rely on two witnesses who will, in the Government's estimation, testify that they observed Anderson holding the firearm and on any DNA evidence that they recover that connects Anderson to the firearm. Def.'s Opp'n at 4. The jury is then left with the decision to believe this evidence or not. *Id.* As such, Anderson argues, the Government need not advance any theory of knowledge, intent, or absence of mistake to prove its case. *Id.*

In *United States v. Linares*, 367 F.3d 941 (D.C. Cir. 2004), the D.C. Circuit held that evidence that the defendant previously possessed a handgun years earlier was improperly admitted pursuant to Rule 404(b) when the defendant was charged with being a felon in possession of a firearm. 367 F.3d at 943. In *Linares*, the D.C. Circuit held that the defendant's prior possession of a firearm was improperly admitted because it "made it no 'more probable or less probable' that [defendant] possessed the gun knowingly or unmistakenly, and because the government had no obligation to prove intent." *Id.* at 952. In reaching this holding, the D.C. Circuit found that based on the evidence in that case, a reasonable jury was left either to believe three eyewitnesses' testimony regarding the defendant's *actual* possession of the firearm, or not. *Id.* at 946-47. Regardless of the jury's determination as to that issue, it was not left to grapple with whether the

7

defendant's possession was unknowing or mistaken because there was no theory advanced that the defendant *constructively* possessed the firearm. *Id.* Indeed, in *Linares*, a police officer testified that he had an unobstructed view of a vehicle outside of a nightclub in a "very well lit" area when he saw a muzzle flash coming from a black colored object that he believed to be a handgun in the driver's hand. *Id.* at 944. After that, the police officer pursued the vehicle until it crashed into another vehicle. *Id.* As the police officer approached the vehicle, he saw a gun in the driver's hand and saw the driver throw the gun up in the air out of the driver's side window. *Id.* Another second witness, a sergeant, testified that he was outside the nightclub when he heard shots fired and joined the pursuit of the vehicle seen speeding away in his own vehicle. *Id.* When the defendant's vehicle crashed, the sergeant approached the vehicle, looking through the passenger's side window when he observed a gun in the defendant's hand. *Id.* When he told the defendant to drop the weapon, the defendant threw the gun over a fence directly in front of the car. *Id.* Finally, a passenger in the car testified that she was sitting next to the defendant in the front passenger seat when he leaned across her and fired the gun out of her window. *Id.*

The D.C. Circuit distinguished its ruling in *Linares* from other cases admitting evidence of a prior firearm possession, explaining: "unlike here, [in the earlier cases] a reasonable jury could have concluded that the charged possession was unknowing or mistaken, and thus the government needed the other-acts evidence to prove knowledge or absence of mistake." *Linares*, 367 F.3d at 949. In distinguishing its earlier ruling in *United States v. Cassell*, 292 F.3d 788 (D.C. Cir. 2002), the D.C. Circuit noted that *Cassell* involved a defendant charged with being a felon in possession of firearms that were recovered by police in a bedroom in which the defendant was staying in his uncle's home. The D.C. Circuit noted in reference to *Cassell*:

> A reasonable jury could have concluded that while the defendant *constructively possessed* the weapons (in that he had dominion and control over them because they were in his bedroom), his constructive possession was unknowing--perhaps because his uncle stashed the weapons in the bedroom without telling the defendant. That was a classic case for introducing prior instances of gun possession, since the government would otherwise find it extremely difficult to prove that the charged possession was knowing.

*Linares*, 367 F.3d at 949 (emphasis added). Based on the evidence that the Government proffers at this time, it appears a jury could find that Anderson *constructively* possessed the firearm recovered from under the bed in the neighbor's apartment. In order for the jury to make such a finding, the Government would need to prove that Anderson's possession of the firearm was not unknowing or mistaken. *See, e.g., United States v. Bryant*, 523 F.3d 349, 354-55 (D.C. Cir. 2008) ("In order to prove that [defendant] constructively possessed the guns, the Government was required to show that [defendant] 'knew of, and was in a position to exercise dominion and control over, the contraband, 'either personally *or through others*.'"). As such, the Court finds this case distinguishable from *Linares*, in that evidence of Anderson's prior firearm possession may be relevant to prove knowledge or absence of mistake, as permitted under Rule 404(b), particularly where the alleged possession is constructive and not actual. *See, e.g., Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015) ("Actual possession exists when a person has direct physical control over a thing . . . . Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object."). However, the Court notes that since the Government has no obligation to prove intent for a charge under § 922(g)(1), the evidence of Anderson's prior firearm possession is not admissible for that purpose. *Linares*, 367 F.3d at 948 ("Although Rule 404(b) lists intent as one of the purposes for which

9

other-acts evidence may be admissible, the . . . evidence [of defendant's prior firearm possession] was inadmissible for that purpose because under section 922(g)(1), the government had no obligation to prove intent."). Upon close review of the record currently before the Court, the Court further finds that the evidence of the 2009 possession of a firearm shall be conditionally admitted as "other crimes" evidence under Rule 404(b).

Given that the Court has found that the evidence of the prior firearm possession is admissible for the purpose of demonstrating knowledge or absence of a mistake, the Court must also determine whether the probative value of this evidence is substantially outweighed by the unfair prejudice. The Court finds that a final decision as to whether this "other crimes" evidence shall be admitted under Rule 403 would be better informed by the meaning, foundation, and relevance of the evidence within the framework of the trial. It appears that all testimony regarding Anderson's 2009 possession of a firearm would issue from a witness or witnesses who could presumably testify at or near the end of the Government's case, permitting the Court to weigh its probative value against any possible unfair prejudice in the context of the evidence already presented. Finally, if admitted, the Rule 404(b) evidence will be accompanied by a limiting instruction to the jury as to the purpose of the evidence and how the jury is to consider it. As such, the Court shall defer judgment until trial as to whether such evidence should be excluded under Federal Rule of Evidence 403.

## V. CONCLUSION

Upon close review of the record currently before the Court, the Court finds that the evidence of Anderson's August 22, 2009, possession of a firearm shall be conditionally admitted as "other crimes" evidence under Rule 404(b). However, the Court shall defer judgment until trial

as to whether such evidence should be excluded under Federal Rule of Evidence 403. Accordingly, the Government's [12] Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is GRANTED IN PART and HELD IN ABEYANCE IN PART.

                                                          */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE